RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/28/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SHANNON LEE GALLENTINE          DOCKET NO. 13-CV-1143; SEC. P

VERSUS          JUDGE DRELL

M.D. CARVAJAL          MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se petitioner Shannon Lee Gallentine filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on April 22, 2013. Petitioner is in the custody of the Federal Bureau of Prisons (BOP), and he is incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner seeks a court order directing the BOP to send him to a halfway house and then home confinement for the maximum allowable time.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

On January 31, 2013, Petitioner entered a guilty plea to Counts 1 and 25 of the indictment - Health Care Fraud in violation of 18 U.S.C. §1347 and Willful Failure to File Return in violation of 26 U.S.C. §7203. [*U.S. v. Gallentine*, 4:11-cr-71 (E.D.Tex.); Doc. #47] The other counts of the indictment were dismissed on motion of the government. Gallentine was sentenced to 24 months of imprisonment that same day. He was ordered to self-surrender at the institution designated by the Bureau of Prisons before 2:00

p.m. on March 18, 2013, to begin serving his sentence.

## *Law and Discussion*

Pursuant to 18 U.S.C. §3624(c) (the Second Chance Act), the BOP has the authority to place inmates in residential re-entry centers during the final portion of their sentences, up to 12 months. The Act provides, in part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. §3624(c)(1). Section 3624(c)(2) also provides that the BOP may place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment or six months. Section (c)(4) states that nothing in the Act shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons to designate the place of imprisonment pursuant to 18 U.S.C. §3621(b).

The BOP has discretion to determine whether it is practicable for an inmate to participate in a reentry program and in which reentry facility an inmate will be placed. The Second Chance Act does not limit or restrict the discretion that the BOP has to assign inmates to facilities, United States v. Sneed, 63 F.3d 381, 388 n. 6 (5th Cir. 1995), nor does it encroach upon the BOP's broad discretion and authority to determine where prisoners may be confined during the prerelease period, Ready v. Fleming, 2002 WL

1610584 (N.D.Tex)(not reported), citing <u>Prows v. Fed. Bureau of Prisons</u>, 981 F.2d 466, 469-70 (10th Cir. 1992), *cert denied*, 510 U.S. 830 (1993). "Where the statute grants the prison administration discretion, the government has conferred no right on the inmate." <u>Richardson v. Joslin</u>, 501 F.3d 415, 419 (5th Cir. 2007).

Participation in the reentry program is a privilege, not a right, and neither is home confinement. Gallentine has no liberty interest in either, as both are at the discretion of the BOP. It is clear that Petitioner is not in custody in violation of the Constitution or laws of the United States, and his case should be dismissed.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITH PREJUDICE.**

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely**

objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 28th day of June, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE